F. C. WENDT AND M. J. WENDT v. JOHN DIEMER.

**No. 165.**   (58 Pac. 1003.)

1. REFORMATION OF CONTRACT — *Joinder of Causes of Action—
Pleading.* Petition for the reformation of a promissory note, for
judgment, and for foreclosure of a real-estate mortgage examined,
and held to state a cause of action.

2. ———— *Evidence — Statements of Third Party.* In the trial
of such case, where one of the principal questions is to determine
what were the actual terms of the contract as agreed upon by the
parties, it is not error for the court to permit one of the parties in
giving his evidence to tell all that was said at the time the con-
tract was made between the parties, and also to state incidentally
what was said by a third party who assisted in making the con-
tract, although his interest therein, if any, does not appear.

3. ———— *Unsupported Findings.* Where there is a total lack of
evidence to support the findings and judgment of a trial court,
the judgment should be set aside and a new trial awarded.

Error from Norton district court; A. C. T. GEIGER,
judge.   Opinion filed October 10, 1899.   Reversed.

*L. H. Thompson,* and *T. W. Simmons,* for plaintiffs
in error.

*John R. Hamilton,* for defendant in error.

The opinion of the court was delivered by

McELROY, J. : This action was brought in the court
below by John Diemer against the plaintiffs in error
to reform a promissory note, for judgment thereon,
and for the foreclosure of a real-estate mortgage. The
petition contained two causes of action, one alleging
mutual mistake in the execution of the note, the other
setting out the note, and praying judgment thereon
for the amount due and for the foreclosure of the
mortgage.   F. C. Wendt and M. J. Wendt, on Sep-

tember 25, 1893, made, executed and delivered to Diemer the following promissory note :

"$700.          NORTON, KAN., September 25, 1893.

"On or before the 25th day of September, 1898, I, or we, or either of us, for value received, promise to pay John Diemer seven hundred dollars, at Clayton, Kan., with interest at eight per cent. per annum from date until paid. All signers to this note are principals. No extension of payment with or without our knowledge, by receipt of interest or otherwise, shall release us, or either of us, from the obligations of payment. The makers each waive presentation for payment, protest and notice of non-payment of this note."

The defendants filed a demurrer, which was overruled. Afterward defendants answered, denying generally and specifically each and every allegation except the execution and delivery of the note and mortgage. A trial was had before the court, which resulted in findings and judgment for plaintiff in the sum of $892.95. A motion for a new trial was overruled, and the defendants, as plaintiffs in error, present the case to this court for review.

The questions presented by the assignments of error and record may be very properly considered in three subdivisions : .

*First.* Did the court properly overrule the demurrer to the petition? The plaintiff alleged, among other things, that at the time of the execution and delivery of the note it was agreed between the plaintiff and defendants that the interest to become due upon the principal indebtedness should be paid annually ; that it was the intention of all parties to the note that it should be drawn so as to read "with interest payable annually" ; that by mutual mistake of the parties and by mistake of the scrivener there was inserted the clause "with interest at the rate of eight per cent.

per annum from date until paid." The petition, after setting up a cause of action for the reformation of the note, contained the usual allegations for judgment upon the note and foreclosure of mortgage; it also contained an allegation "that by the terms and conditions of the mortgage it was provided, that if said amount be paid as therein specified such conveyance should be void, but if default be made in the payment of said amount, or any part thereof, or any interest thereon, the whole sum should become due and payable and that said mortgage should become due," and further set out the indebtedness, default in the payment of two instalments of interest, the maturity of the indebtedness by reason of default in the payment of interest, and the election of the plaintiff to declare the note due and payable by reason of the terms of the mortgage. There was attached to the petition as an exhibit a copy of the mortgage. The petition states a cause of action and the demurrer was properly overruled.

*Second.* Did the court err in the admission of incompetent, irrelevant and immaterial evidence? At the time the note and mortgage were reduced to writing, there were present John Diemer, F. C. Wendt, M. J. Wendt, and one Townslee, all of whom took some part in the statement of the contract, in the execution thereof, or in drawing the papers. Just what relation Townslee sustained to the parties or to the contract is not apparent, except that he seemed to be interested in the statement of the contract and in the execution of the papers. John Diemer in his testimony was permitted to refer to Townslee's statements made at the time of the execution of the papers. Brown, the party who drew the papers, was allowed to state what Townslee said during the

time the contract was being reduced to writing. This testimony was objected to by the defendants as incompetent, irrelevant, and immaterial. From an examination of the record, it appears that the parties at the time recognized Townslee's right to participate in the agreement, or at least made no objection to his participation therein; all of his declarations were made in the presence of all the parties. He appears to have been acting for or assisting some one or all of the parties, or to have had some interest in the transaction; his suggestions were accepted by the parties at the time and acted upon. We think under the circumstances his declarations, made in the presence of all the parties at the time of reducing the contract to writing, were competent testimony and properly admitted.

*Third.* Did the court err in its findings of fact and conclusions of law? The court found that all of the allegations in the first and second causes of action were true; that there was a mutual mistake in the execution of the note as set out, at the time of the execution thereof; that it was the intention of the parties that the note should be written so as to read, "interest payable annually." The court further found the defendants were in default in the payment of two instalments of interest, due September 25, 1895, and September 25, 1896, and that under the provisions of the note and mortgage the whole amount of the indebtedness was due and payable; and rendered judgment that the note be reformed so as to read: "Interest payable annually," and that John Diemer recover judgment against the defendants for the sum of $892.95, with interest at eight per cent., and for the foreclosure of the mortgage and sale of the mortgaged premises. There is some testimony

Wendt v. Diemer.

to support the finding of mutual mistake in the execution of the note; the finding, however, that by the terms of the note and mortgage, in the event of a default in the payment of interest, the whole sum should become due and payable, is not supported by the evidence. There is no provision in the note, or in the mortgage, that the whole sum should become due and payable by reason of a default in the payment of interest. There is therefore no evidence to support this finding of the trial court. The only provisions of the mortgage are as follows:

"This grant is intended as a mortgage to secure the payment of (the indebtedness is here described), and this conveyance shall be void if such payments be made as herein specified. But if default be made in such payment or any part thereof or the interest due thereon, or if the taxes and assessments of every nature which are by law made due and payable are not paid when the same become due, as above provided, then it shall be lawful for the said party of the second part . . . to sell the premises hereby granted . . . in the manner prescribed by law, and out of the moneys arising from such sale to retain the amount due for principal and interest, and the overplus, if any there be, shall be paid on demand . . . to the parties of the first part."

There is no provision in the mortgage to the effect that a default in the payment of interest should result in the maturity of the original indebtedness.

The finding of the amount due is not supported by the evidence. The judgment of foreclosure is contrary to law, except to the extent of two instalments of interest due.

The court erred in overruling the motion for a new trial. The judgment is reversed and the cause remanded, with direction to the trial court to grant a new trial, and for further proceedings not inconsistent with the views herein expressed.